IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SONYA BRAXTON, et al.,

            Plaintiffs pro se,

v.

GEORGIA DEPARTMENT OF
COMMUNITY AFFAIRS, et al.,

            Defendants.

CIVIL ACTION
NO. 1:13-CV-793-WSD-WEJ

## ORDER AND
## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on the request to proceed in forma pauperis ("IFP Request") [3], filed by plaintiffs pro se, Sonya Braxton and Hannah Grace Braxton, against defendants, the Georgia Department of Community Affairs ("GDCA"), LaRuth Holloway (a GDCA regional administrator), and Karen Loveless (a GDCA caseworker). For good cause shown, the undersigned **GRANTS** plaintiffs' request to proceed in forma pauperis.[1] However, for the reasons

---

[1] Upon this Court's Order of March 14, 2013 [2], finding plaintiffs' initial IFP Request [1] insufficient, plaintiffs submitted the instant IFP Request, which establishes that they are unable to pay the initial filing fee. (See IFP Request [3].) The Clerk is directed to **TERMINATE** the initial IFP Request [1].

AO 72A
(Rev.8/82)

explained below, the undersigned **RECOMMENDS** that the Complaint [1-1] be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

I. <u>**THE COMPLAINT**</u>[2]

This action arises out of defendants' conduct concerning Ms. Braxton's rental of a house (located at 264 Henry Lewis Road, Bremen, Georgia) with a Section 8

---

[2] The Complaint is a poorly drafted shotgun pleading such as is frowned upon by the Eleventh Circuit and this Court. See <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 979 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."); <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) ("[Q]uintessential shotgun pleadings [are those] complete with rambling recitations and factual allegations that could not possibly be material [and] that force the district court [to] sift through the facts presented and decide for [itself] which [are] material to the particular cause of action asserted." (third and fourth alterations in original) (internal quotation marks omitted)); <u>Prayor v. Fulton Cnty.</u>, No. 1:08-CV-3772-WSD, 2009 WL 981996, at *5 (N.D. Ga. Apr. 13, 2009) (characterizing as a shotgun pleading a complaint that "is obtuse and ambiguous, [creating the impression] that [p]laintiff drafted [it] with the intent to assert as many claims as . . . possible under any legal theory"). Complaints that "mak[e] no distinction among the . . . defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of" also constitute impermissible shotgun pleadings. <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001). Nevertheless, in keeping with this Court's practice, the undersigned construes the Complaint liberally. See <u>Powers v. Avondale Baptist Church</u>, 393 F. App'x 656, 657 (11th Cir. 2010) (per curiam) ("Pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." (internal quotation marks omitted)). Although the Complaint is intermittently denominated into paragraphs, the undersigned cites according to page number for clarity.

2

voucher. (Compl. 2.)[3] Plaintiffs allege that they lived in that house from June 1, 2009, until November 2, 2009. (Id.) They allege that the rental house did not meet HUD's HQS, and that they were exposed to (1) what they variously identify as septic gas, sewer gas, or hydrogen sulfide and (2) spores from mold. (Id. at 2, 7.)

Plaintiffs allege that Ms. Braxton notified Ms. Loveless of deficiencies in the rental property on July 15, 2009 (Compl. 24),[4] and Ms. Loveless inspected the property on July 20, 2009 (see id.; see also id. at 26-27). They allege that Ms.

---

[3] "Section 8" refers to a housing program administered by the Department of Housing and Urban Development ("HUD").

> In the HUD Housing Choice Voucher Program . . . HUD pays rental subsidies so eligible families can afford decent, safe and sanitary housing. [That program is] generally administered by State or local governmental entities called public housing agencies (PHAs). HUD provides housing assistance funds to the PHA. . . . and . . . funds for PHA administration of the programs.

24 C.F.R. § 982.1(a)(1). HUD maintains certain housing quality standards ("HQS") that a housing unit must meet before it may be rented with a Section 8 voucher. See id. §§ 982.4(b) (defining HQS), 982.401 (listing specific HQS). The GDCA is a PHA. See Rental Help: Georgia, http://portal.hud.gov/hudportal/HUD?src=/states/georgia/renting (last visited June 21, 2013).

[4] Ms. Braxton primarily complained of (1) exposed electrical wires and (2) a septic tank system emitting strong, nauseating, sulfurous odors. (See Compl. 25.) Plaintiffs allege that Ms. Loveless failed to discover those deficiencies at earlier inspections conducted on April 21 and May 5, 2009. (Id. at 28.)

3

Loveless informed Ms. Braxton that the Environmental Protection Agency would have to inspect the septic system and stated she would call them, but did not do so. (Id. at 25.) On July 20, 2009, Ms. Loveless issued plaintiffs' landlord, Arthur Simmons, a list of deficiencies that required repair (including the sewer connection responsible for the gas emissions), to be completed by August 18, 2009. (See id. at 27.)

On July 26, 2009, Ms. Braxton sent Ms. Holloway an email in which she complained about Ms. Loveless's handling of her case. (See Compl. 37-40.) At some point in July 2009, Ms. Braxton lost her housing voucher under circumstances unclear from the Complaint, but, in August 2009, Ms. Holloway informed Ms. Braxton that she would receive another. (Id. at 50-51.) On September 4, 2009, Ms. Holloway informed Ms. Braxton that, because Mr. Simmons had failed to complete the required repairs in a timely manner and otherwise violated program responsibilities, she would be allowed to move. (Id. at 52.) Ms. Holloway enclosed a voucher and instructed Ms. Braxton to search for housing. (Id.) Plaintiffs allege that, as a result of Ms. Loveless and Ms. Holloway's conduct, they suffered "toxic lung exposure" and subsequently developed lung ailments or experienced worsening of pre-existing lung ailments. (See id. at 10, 14, 48-78.) Plaintiffs allege that they

AO 72A
(Rev.8/82)

ascertained a connection between Hannah Grace Braxton's lung ailments and exposure to the irritants in October 2009 (id. at 55-56), and that Ms. Braxton was treated for wheezing as early as October 2010 (see id. at 62).[5]

Plaintiffs bring their claims against defendants on the basis of (1) 42 U.S.C. § 1981-83; (2) 42 U.S.C. § 1985(3); (3) 42 U.S.C. § 1988(a); (4) "claims of Personal Injury"; (5) "the Georgia Tort Claims Act General Liability Agreement and State Tort Claims Policy"; (6) "State Created Danger"; (7) Retaliation; (8) Deliberate Indifference; (9) Negligence; (10) "Failure to Train and Supervise"; (11) "Conspiracy to Interfere with Civil Rights"; (12) "Failure to Warn"; (13) "Class of One"; (14) violations of the First and Fourteenth Amendments of the United States Constitution; and (15) "other implied violations in physical injury." (Compl. 2.)

## II.  FRIVOLITY REVIEW STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an in forma pauperis complaint if, at any time, the court determines that "(A) the allegation of poverty is untrue; or (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks

---

[5] Ms. Braxton alleges that she did not ascertain a connection between her breathing problems and exposure to irritants at the rental home until March or April 2011. (Compl. 62.)

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A)-(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(i) when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotation marks omitted).

The standard for failing to state a claim under § 1915(e)(2)(B)(ii) is the same as that applicable under Federal Rule of Civil Procedure 12(b)(6). See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam). To survive a motion to dismiss pursuant to that Rule, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content [entitled to assumption of truth] that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

In 2010, Ms. Braxton filed a case in this Court arising out of the same circumstances as those in this case and naming as defendants, inter alia, those named

AO 72A
(Rev.8/82)

here. See Braxton v. Ga. Dep't of Cmty. Affairs, 1:10-CV-2446-WSD. Like the pleading in that case, the Complaint "consists of legal conclusions and lacks sufficient factual content required to state a claim for relief." Id. (Op. & Order of Sept. 1, 2010 [4], at 5.) The Complaint establishes that, in roughly a one-and-a-half-month period (from July 20, 2009, through September 4, 2009), Ms. Braxton complained about certain deficiencies at the rental house, Ms. Loveless inspected the house and instructed the landlord to repair the deficiencies plaintiffs identify as the source of their injuries, he failed to do so, and Ms. Braxton received a new voucher to secure new housing. Plaintiffs do not explain how that conduct violates either the federal statutory or constitutional provisions they identify or gives rise to any of the alleged state-law causes of action.[6] Accordingly, none of plaintiffs' claims satisfy the plausibility standard set forth in Iqbal and Twombly. Simply put, they have not alleged sufficient facts to show that defendants' actions were improper

---

[6] Plaintiffs imply that they could not have brought the claims asserted here in their earlier suit because they were unaware of their injuries during that suit's pendency. (See Compl. 6.) However, Ms. Braxton alleges that she became aware of the lung problems caused by her daughter's exposure as early as October 2009. (See id. at 55.) Moreover, although she claims to have made no connection between her exposure to the irritants and her own lung symptoms until March 2011 (see id. at 55-56), she was treated for lung ailments as early as October 2010 (see id. at 62).

7

in any way, under any of the legal theories identified.[7] Even if plaintiffs had satisfied the requisite pleading requirements, the Code of Federal Regulations provides that there is no private right of action against HUD or a PHA. 24 C.F.R. § 982.406 ("Part 982 does not create any right of the family, or any party other than HUD or the PHA, to require enforcement of the HQS requirements by HUD or the PHA, or to assert any claim against HUD or the PHA, for damages, injunction or other relief, for alleged failure to enforce the HQS.").

---

[7] In addition, the undersigned observes that plaintiffs have done little to link the legal theories identified at the Complaint's outset (see Compl. 2) with the facts identified above. See Brown v. Mrs. Winner's Chicken & Biscuits, No. 1:10–CV–3557–TWT–RGV, 2011 WL 2009900, at *2 n.3 (N.D. Ga. Apr. 22, 2011) ("[E]ven under Fed. R. Civ. P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of the claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." (internal quotation marks omitted)), report and recommendation adopted by, 2011 WL 1979499 (N.D. Ga. May 19, 2011); see also Powers, 393 F. App'x at 657 ("[The] liberal construction [accorded to pro se complaints] . . . does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (internal quotation marks omitted)).

8

## IV. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** plaintiffs' request to proceed in forma pauperis [3] and **RECOMMENDS** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED,** this 24th day of June, 2013.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

2A
3/82)