IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SONYA BRAXTON, et al.,
        Plaintiffs,

v.

GEORGIA DEPARTMENT OF
COMMUNITY AFFAIRS, et al.
        Defendants.

1:13-cv-793-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation ("R&R") [4].

**I.**    **BACKGROUND**

On March 11, 2013, Plaintiffs Sonya Braxton and Hannah Grace Braxton ("Plaintiffs") filed this action asserting multiple claims against the Georgia Department of Community Affairs ("GDCA"), LaRuth Holloway (a GDCA regional administrator), and Karen Loveless (a GDCA caseworker) (collectively "Defendants") arising out of Defendants' conduct while Plaintiffs rented a house with a Section 8 voucher between June 1, 2009, and November 2, 2009. Plaintiffs allege that the rental house did not meet the Department of Housing and Urban Development (HUD)'s required quality standards, and that Plaintiffs were exposed

to septic and sewer gas, hydrogen sulfide, and mold spores, all of which allegedly caused Plaintiffs to develop lung ailments.  Plaintiffs allege that on multiple occasions between July 20, 2009, and September 4, 2009, they complained to Loveless about the deficiencies with the rental house and that, after an inspection, Loveless instructed the landlord to make certain repairs and otherwise address Plaintiffs' concerns.  Plaintiffs' claim their landlord failed to repair or improve the property as instructed.  Subsequently Plaintiffs were provided with a new voucher to secure different housing.

Plaintiffs complain about the manner in which Loveless and the GDCA handled their case.  Plaintiffs' shotgun complaint includes causes of action labeled: (i) 42 U.S.C. § 1981-83; (ii) 42 U.S.C. § 1985(3); (iii) 42 U.S.C. § 1988(a); (iv) "claims of Personal Injury"; (v) "the Georgia Tort Claims Act General Liability Agreement and State Tort Claims Policy"; (vi) "State Created Danger"; (vii) Retaliation; (viii) Deliberate Indifference; (ix) Negligence; (x) "Failure to Train and Supervise"; (xi) "Conspiracy to Interfere with Civil Rights"; (xii) "Failure to Warn"; (xiii) "Class of One"; (xiv) violations of the First and Fourteenth Amendments of the United States Constitution; and (xv) "other implied violations in physical injury."

Plaintiffs moved to proceed *in forma pauperis* ("IFP").  On June 24, 2013,

the Magistrate Judge granted Plaintiffs' motion to proceed IFP, and recommended that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  On July 5, 2013, Plaintiffs filed objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

The Magistrate Judge noted that Plaintiffs have previously filed a case in this Court asserting claims against the same Defendants named in this action and arising out of the same facts.[1]  That case was dismissed without prejudice because

---

[1] See Braxton v. Ga. Dep't of Cmty. Affairs, 1:10-cv-2446-WSD.

the Court concluded it was frivolous.  The Magistrate Judge concluded that this action also is frivolous, including because the Code of Federal Regulations provide that there is no private right of action against a state or local public housing agency ("PHA") to enforce housing quality standards ("HQS").  24 C.F.R. § 982.406 ("Part 982 does not create any right of the family, or any other party other than HUD or the PHA, to require enforcement of the HQS requirements by HUD or the PHA, or to assert any claim against HUD or the PHA, for damages, injunction or other relief, for alleged failure to enforce the HQS.").

The Magistrate Judge also concluded that Plaintiffs' shotgun complaint failed to explain how Defendants' alleged conduct violates either the statutory or constitutional provisions that Plaintiffs identify or gives rise to any of the alleged state-law causes of actions Plaintiffs assert.

Plaintiffs object to the R&R's conclusion that there is not a private right of action against a public housing agency, and the Court thus conducts a de novo review of this issue.  The Code of Federal Regulations clearly provides that there is no private right of action against HUD or a PHA.  24 C.F.R. § 982.406.  Plaintiffs' argument to the contrary relies solely on a non-binding case from Pennsylvania that was vacated two months later.  See McKinney v. Philadelphia Hous. Auth., No. 07-4332, 2010 WL 2510382 (E.D. Pa. June 16, 2010) (vacating its April 20,

2010, memorandum and order).  Plaintiffs' objection is overruled.  The Court concludes that Plaintiffs do not have a private right of action against the GDCA.

Plaintiffs' remaining objections to the R&R merely reiterate their claims, and do not specifically respond to the findings and conclusions of the R&R. Accordingly, the Court reviews the remainder of the R&R for plain error.

Having conducted a complete and careful review of the R&R, the Court does not find error with the Magistrate Judge's conclusion that this action is frivolous. Plaintiffs have not alleged sufficient facts to show that Defendants' actions were improper under the legal theories identified.  See 28 U.S.C. 1915(e)(2)(B)(i); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (establishing that a claims is frivolous when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless). Plaintiffs fail to explain how Defendants' conduct violates federal statutory or constitutional law, or forms a proper basis for the causes of action Plaintiffs have asserted.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (a complaint must contain "enough facts to state a claim of relief that is plausible on its face."); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content [entitled to assumption of truth] that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."). The Court adopts the R&R, and concludes that Plaintiffs' action is frivolous and is required to be dismissed.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the court **ADOPTS** Magistrate Judge Walter E. Johnson's Final Report and Recommendation [4] and Plaintiff's Response in Opposition to the R&R [7] is **OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 4th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE